UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL IPPERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV01947 AGF |
| | ) | |
| SCHWAN'S HOME SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Michael Ippert's Motion for Remand (Doc. 8). Plaintiff filed the present case against Defendant in the Circuit Court of St. Louis County, Missouri, on March 11, 2009. Plaintiff's Petition seeks damages for personal injury stemming from a motor vehicle accident. On October 15, 2010, Defendant removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff moves the Court to remand this case to state court because Defendant Schwan's Home Service, Inc.'s Notice of Removal allegedly fails to establish that the value of the case is in excess of $75,000, and is therefore procedurally defective. For the reasons set forth below, the Court will deny Plaintiff's motion.

**Legal Standard**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. §

1441(a).  The propriety of removal to federal courts depends on whether the claim is within the scope of the federal court's subject matter jurisdiction.  28 U.S.C. § 1441(b).

Removal statutes are strictly construed, In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993), and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand.  Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).  The party invoking federal jurisdiction bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000 at the time of removal.  Id.; Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009); James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005).

"Where, as here, the complaint alleges no specific amount of damages . . ., the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."  In re: Minnesota Mut. Life Ins. Co., 346 F.3d 830, 834 (8th Cir. 2003); accord In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010); Bell v. Hershey Co., 557 F.3d 953, 956 n.5 (8th Cir. 2009).  To meet this burden, the removing party must present "some specific facts or evidence demonstrating that the jurisdictional amount is met."  Hill v. Ford Motor Co., 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004).  "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount."  Bell, 557 F.3d at 956.

**Discussion**

Defendant removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under that statute, complete diversity of citizenship between Plaintiff and Defendant must exist, and the amount in controversy must exceed $75,000, exclusive of interest and costs. Advance Am. Servicing of Ark., Inc. v. McGinnis, 526 F.3d 1170, 1172 (8th Cir. 2008). The parties do not dispute that there is complete diversity of citizenship. Rather, their dispute focuses on the amount-in-controversy requirement.

Plaintiff's Petition seeks damages from Defendant "in amount in excess of Twenty Five Thousand and 00/100 ($25,000.00) such as will fairly and reasonably compensate Plaintiff for his damages and his costs incurred expended . . . ." Defendant's Notice of Removal contained only one statement regarding the amount in controversy, stating that "The total amount in controversy, exclusive of interest and costs, is not specifically pleaded in Plaintiff's Petition; however, based on information and belief, Defendant presumes that Plaintiff contends that the amount in controversy exceeds $75,000.00." Plaintiff now argues that Defendant's unsupported presumption regarding the amount in controversy is not sufficient to invoke this Court's jurisdiction, and the case must therefore be remanded to state court.

To meet its burden of proof to establish that removal is proper, Defendant must present specific facts or evidence. See Hill v. Ford Motor Co., 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). The evidence may include Plaintiff's representations, "including settlement offers by plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive

list of serious and disabling injuries suffered by the plaintiff." See Neighbors v. Muha, No. 05-472-CV-W-GAF, 2005 WL 2346968, *2 (W.D. Mo. Sept. 26, 2005) (citing Halsne v. Liberty Mutual Group, 40 F. Supp. 2d 1087, 1091 (N.D. Iowa 1999)). This evidence may be presented to the Court in opposition to a Motion to Remand, and need not be attached to the Notice of Removal. See Longo v. R.E. Monson, Inc., No. 4:05CV01835 CDP, 2005 WL 3454517, *1-2 (E.D. Mo. Dec. 16, 2005) (denying Plaintiff's Motion to Remand, after holding that the amount in controversy for the plaintiff's claim of negligence exceeded $75,000 based upon a pre-suit settlement demand and a demand letter calculating future medical expenses, both of which were attached to Defendant's Response in Opposition to Plaintiff's Motion to Remand, and not attached to, or referenced in, Defendant's Notice of Removal, and when Defendant's sole reference to the amount in controversy in the Notice of Removal was "The amount in controversy exceeds $75,000 exclusive of interest and costs.").

In the instant case, Defendant has attached to its Memorandum in Opposition to Plaintiff's Motion for Remand copies of Plaintiff's medical bills totaling $99,587.67 for services following the accident. Moreover, in his Petition, Plaintiff alleges that he has suffered "severe, permanent and progressive injuries" as a result of the motor vehicle accident allegedly caused by Defendant's employee. These injuries include fractures to the right and left patella, a fracture of the left humerus, a complex laceration of the left cheek and upper lip, a closed head injury, and damage to the muscles, ligaments, and tendons of his neck.

From the nature of the claim and allegations, the Court concludes that a jury could award damages over $75,000. Plaintiff's only evidence to support the amount in controversy being less than $75,000 is a letter from Defendant's counsel to Plaintiff's counsel discussing the amounts for which other personal injury cases had settled. This evidence does not prove to a legal certainty that a jury could not award damages over $75,000. Because a preponderance of evidence supports federal jurisdiction, the motion to remand will be denied.

                                      AUDREY G. FLEISSIG
                                      UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2011.